**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                         :
COLLEEN JACKSON, et al.,                 :  CIVIL ACTION NO. 08-5044 (MLC)
                                         :
        Plaintiffs,                      :      MEMORANDUM OPINION
                                         :
        v.                               :
                                         :
WALMART, et al.,                         :
                                         :
        Defendants.                      :
                                         :
```

**THE DEFENDANTS**, pursuant to 28 U.S.C. § ("Section") 1332, removing on October 14, 2008, this action brought in state court to recover damages under state law only (dkt. entry no. 1, Rmv. Not. & Compl.); and it appearing that the plaintiffs are New Jersey citizens (Compl.); and the plaintiffs moving to remand the action to state court ("Remand Motion") (dkt. entry no. 6); and the plaintiffs arguing that (1) they moved in state court on October 6, 2008 ("State Motion") — before the action was removed — to amend the complaint to add a new defendant, (2) the new defendant is a New Jersey citizen, (3) the state court granted the State Motion, (4) they anticipate seeking to add additional defendants who may be New Jersey citizens, and (5) this Court now lacks jurisdiction under Section 1332 (dkt. entry no. 5, Zaslow Cert. at 2; id., Ex. B, State Court Order; id., Ex. C, 1st Am. Compl.); and the defendants not opposing the Remand Motion; and the Court determining the Remand Motion without oral argument, see Fed.R.Civ.P. 78(b); and

**IT APPEARING** that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court", 28 U.S.C. § 1447(e); and it appearing there is "a general principle that jurisdiction is determined at the time the suit is filed", but "in diversity cases the rule admits to at least one exception", i.e., Section 1447(e), and thus a court "can sometimes, after suit is filed, permit the destruction of subject matter jurisdiction", Kabakjian v. United States, 267 F.3d 208, 212 (3d Cir. 2001); and

**THE COURT** thus intending to (1) grant the Remand Motion, and (2) remand the action; and for good cause appearing, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: December 15, 2008